IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| BRUMATE, INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>FROST BUDDY LLC,<br><br>              Defendant. | Civil Action No. 3:24-cv-02043<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND
COPYRIGHT INFRINGEMENT**

Plaintiff BruMate, Inc. ("Plaintiff") files this Complaint against Defendant Frost Buddy LLC ("Defendant") for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101, et seq.

**THE PARTIES**

1. Plaintiff is a Delaware corporation with its principal address at 2935 Larimer St., Unit 302, Denver, CO 80205.

2. Defendant is an Illinois limited liability company with its principal address at 7492 E. 1000th Avenue, Newton, IL 62448.

**JURISDICTION AND VENUE**

3. Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others, and for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 501, *et. seq.*. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant is subject to personal jurisdiction of this Court based upon its regularly conducted business in Illinois and in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(a) and (b) because Defendant resides in this judicial district.

## FACTUAL BACKGROUND REGARDING PATENT INFRINGEMENT

6. Plaintiff is in the business of designing and distributing insulated beverage containers and coolers.

7. U.S. Patent No. 11,772,873 (the "Patent"), titled "Beverage Systems and Kits and Methods of Using the Dame," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on October 3, 2023. The Patent is and remains valid and enforceable.

8. Plaintiff is the owner by assignment of the entire right, title, and interest in and to the Patent, including the sole and undivided right to sue for infringement. A true and correct copy of the Patent is attached hereto as **Exhibit A**.

9. The relevant claims of the Patent, as asserted herein, are generally directed to a beverage container system comprising a system, a gasket comprising a first material with a flange and a second material, and a size adapter.

10. Defendant has and continues to sell and/or offer to sell through its website and/or in retail stores a product referred to as the Universal Buddy and the Universal Buddy XL (collectively the "Universal Buddy Products").

11. Defendant is in the business of selling drinkware products.

12. The Universal Buddy Products are offered and sold throughout the United States, including to residents of the State of Illinois.

13. The Universal Buddy Products read on at least Claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, and 15 of the Patent.

14. With regard to Claim 1 in particular, the Universal Buddy Products contain a container, a gasket, and a size adapter, whereby the gasket is comprised of the following elements/features: (a) a threaded element comprising a first material and having a cylindrical wall that presents a flange extending away from the cylindrical wall in the same direction as but further than each of a threaded portion and an unthreaded portion of the cylindrical wall; (b) the first material being adapted to threadably engage the threaded section and removably couple the gasket to the vacuum-sealed container; (c) the curved element comprising a second material different from the first material and extending from a relative top of the gasket to a relative side of the gasket; (d) the curved element being disposed around at least a portion of the threaded element; and (e) the second material being adapted to contact at least a portion of a beverage container when the beverage container is positioned at least partially within the vacuum-sealed container.

15. A claim chart that further demonstrates how the Universal Buddy Products read on all the elements of at least Claim 1 of the Patent is submitted herewith as **Exhibit B**.

16. On November 28, 2023, counsel for Plaintiff sent counsel for Defendant a letter demanding that Defendant stop making, using, and selling the infringing Universal Buddy Products.

17. Despite Plaintiff's demands and some subsequent discussions between counsel for the parties, Defendant has refused to cease its infringement of the Patent.

**FACTUAL BACKGROUND REGARDING COPYRIGHT INFRINGEMENT**

18. Plaintiff designed and sold various insulated beverage containers with the design that Plaintiff calls ONYX LEOPARD® (the "OL Design"). A photograph of the OL Design is below:



19. The OL Design can be described as a "black-on-black leopard print" design, whereby the background and the foreground (the leopard spots) each comprise a distinct black color.

20. The OL Design is protected with the U.S. Copyright Office as Copyright Registration No. VA-2-394-431. A copy of the certificate of registration for U.S. Copyright Registration No. VA-2-394-431, which is in full force and effect, is filed herewith as **Exhibit C**. The effective date of Copyright Registration No. VA 2-318-693 is March 4, 2024.

21. Certain products sold by Defendant copied the OL Design (collectively, the "Infringing Products"). Photographs of such Infringing Products are shown below:



22. As the copyright owner of the OL Design, Plaintiff has the exclusive rights to: (a) reproduce the OL Design; (b) prepare derivative works based upon the OL Design; and (c) distribute copies of the OL Design.

23. Defendant has clearly used, copied, and/or created derivative works based upon the OL Design.

24. Defendant's use of the OL Design is without the permission or consent of Plaintiff.

25. Defendant's use, copying, and distribution of the Infringing Products infringe the copyright in the OL Design and violates Plaintiff's exclusive rights therein.

26. Despite Plaintiff alerting Defendant to its infringement of the OL Design, Defendant has refused to cease such infringement.

**COUNT I: DIRECT PATENT INFRINGEMENT**

27. Plaintiff incorporates by reference paragraphs 1-26 and re-alleges them as if stated herein.

28. Defendant has directly infringed, and continues to directly infringe, at least Claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, and 15 of the Patent in violation of 35 U.S.C. § 271(a) by at least manufacturing, using, selling, offering to sell and/or importing (directly or through intermediaries) in the United States the Universal Buddy Products that includes all the limitations of at least Claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, and 15 of the Patent. Defendant's infringement of Claim 1, in particular, is demonstrated by the claim chart that is submitted herewith as **Exhibit B**.

29. Defendant's infringement of the Patent has directly caused substantial monetary harm to Plaintiff in an amount to be proven at trial, including lost profits.

30. Defendant's infringement of the Patent has caused Plaintiff damages for which Plaintiff has no adequate remedy at law.

31. Defendant's infringement of the Patent has been willful, as Defendant had knowledge of, or was willfully blind to, the existence of the Patent, and had knowledge of, or was willfully blind to the fact that the manufacture, use, sale, offer for sale and/or importation into the United States of the Universal Buddy Products and/or the components thereof infringes Claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, and 15 of the Patent.

32. Defendant's willful infringement of the Patent renders this an exceptional case, justifying an award to Plaintiff of its reasonable attorney fees in accordance with 35 U.S.C. § 285.

## COUNT II: COPYRIGHT INFRINGEMENT

33. Plaintiff incorporates by reference paragraphs 1-32 and re-alleges them as if stated herein.

34. Without consent, authorization, approval, or license, Defendant (directly or through intermediaries) knowingly, willingly, and unlawfully copied the OL Design and manufactured and/or distributed the Infringing Products.

35. Defendant's (and/or its intermediaries') copying, use, and distribution of the Infringing Products violates Plaintiff's exclusive rights under 17 U.S.C. § 106.

36. The infringement of the copyright in the OL Design was knowing and willful.

37. Defendant has realized unjust profits, gains, and advantages as a proximate result of the infringement.

38. The infringement of the copyright in the OL Design has caused Plaintiff damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in its favor granting the following relief:

a. A finding that Defendant has directly infringed one or more claims of the Patent;

b. An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's infringement of one or more claims of the Patent, including both pre-judgment and post-judgment interest and costs as fixed by the Court;

c. A finding that Defendant's infringement of the Patent has been willful;

d. An increase in the damages to be awarded to Plaintiff of three times the amount found by the jury or assessed by the Court;

e. A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, and a corresponding award of Plaintiff's reasonable attorney fees incurred in connection with the litigation;

f. An order permanently enjoining Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons acting in privity or concert with them, from committing further acts of infringement of the Patent, including making, using, offering to sell, or selling in the United States, or importing into the United States the Universal Buddy Product;

g. A finding that Defendant has directly infringed Plaintiff's copyright in the OL Design;

h. A finding that Defendant's infringement of the OL Design was willful;

i. An award of Plaintiff's actual damages, Defendant's profits, and/or statutory damages pursuant to 17 U.S.C. § 504;

j. An award of full costs and attorneys' fees pursuant to 17 U.S.C. § 505;

k. An order permanently enjoining Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons acting in privity or concert with them, from committing further acts of infringement of the OL Design; and

l. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/*Bradley M. Stohry*
Bradley M. Stohry
Mark C. Reichel
REICHEL STOHRY DEAN LLP
6151 Central Avenue
Indianapolis, IN 46220
p: (317) 501-2891
e: brad@rsindy.com, mark@rsindy.com