IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| BRUMATE, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-02043-NJR |
| ) | |
| FROST BUDDY LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**DEFENDANT FROST BUDDY LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant Frost Buddy LLC ("Frost Buddy") and, for its answer to Plaintiff BruMate, Inc.'s ("BruMate") Amended Complaint for Patent Infringement and Copyright Infringement ("Amended Complaint") (ECF No. 9), states as follows:

**"THE PARTIES"**[1]

1. Frost Buddy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint, and therefore denies the same.

2. Admitted.

**"JURISDICTION AND VENUE"**

3. Frost Buddy admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Frost Buddy further admits that BruMate alleges that its Amended Complaint is brought under the patent and copyright laws of the United States, but Frost Buddy

---

[1] Frost Buddy restates the headings from BruMate's Amended Complaint for ease of reference only. To the extent any allegations could be inferred from the headings in BruMate's Amended Complaint, Frost Buddy denies the same unless expressly stated otherwise herein.

denies that BruMate has any meritorious claim under the foregoing laws. Frost Buddy denies any remaining allegations of Paragraph 3 of the Amended Complaint.

4. Admitted.

5. Admitted

**"FACTUAL BACKGROUND REGARDING ALLEGED PATENT INFRINGEMENT"**

6. Frost Buddy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Amended Complaint, and therefore denies the same.

7. Frost Buddy admits that U.S. Patent No. 11,772,873 ("the '873 patent") appears to have issued on October 3, 2023. Frost Buddy denies that the title of the '873 patent is listed as "Beverage Systems and Kits and Methods of Using the Dame". Frost Buddy denies that the '873 patent was legally issued in that it does not comply with relevant patent laws including at least 35 U.S.C. §§ 102, 103, and 112 and is thus invalid. Frost Buddy denies any remaining allegations contained in Paragraph 7 of the Amended Complaint.

8. Frost Buddy admits that a copy of the '873 patent is attached to the Amended Complaint as Exhibit A. Frost Buddy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Amended Complaint, and therefore denies the same.

9. Paragraph 9 contains legal assertions that do not require a response. To the extent that a response is required, Frost Buddy admits that the '873 patent contains claims. Frost Buddy denies any remaining allegations of Paragraph 9 of the Amended Complaint.

10. Frost Buddy admits that it sells and had sold products under the "Universal Buddy" and "Universal Buddy XL" names. Frost Buddy denies that any "Universal Buddy" and/or

"Universal Buddy XL" product infringes any valid and enforceable claim of the '873 patent. Frost Buddy denies any remaining allegations of Paragraph 10 of the Amended Complaint.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Frost Buddy admits that a chart is attached to the Amended Complaint as Exhibit B. Frost Buddy denies that any "Universal Buddy," "Universal Buddy XL," or other product sold by Frost Buddy infringes any valid and enforceable claim of the '873 patent. Frost Buddy denies any remaining allegations in Paragraph 15 of the Amended Complaint.

16. Frost Buddy admits that counsel for BruMate sent counsel for Frost Buddy a letter on November 28, 2023, and that the terms of the letter speak for themselves. Frost Buddy denies the assertions contained in this letter and denies that BruMate is entitled to any relief. Frost Buddy denies any remaining allegations of Paragraph 16 of the Amended Complaint.

17. Denied.

**"FACTUAL BACKGROUND REGARDING COPYRIGHT INFRINGEMENT"**

18. Frost Buddy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint, and therefore denies the same.

19. Frost Buddy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint, and therefore denies the same.

20. Frost Buddy admits that a copy of U.S. Copyright Registration No. VA-2-394-431 ("the '431 copyright") is attached to the Amended Complaint as Exhibit C. Frost Buddy admits that the cover page of the '431 copyright states that its effective date is March 4, 2024. Frost

Buddy denies that the '431 copyright was legally issued in that it does not comply with relevant copyright laws and is thus invalid. Frost Buddy denies any remaining allegations contained in Paragraph 20 of the Amended Complaint.

21. Frost Buddy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Amended Complaint, and therefore denies the same.

22. Frost Buddy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint, and therefore denies the same.

23. Frost Buddy admits that a copy of U.S. Copyright Registration No. VA-2-412-004 ("the '004 copyright") is attached to the Amended Complaint as Exhibit D.  Frost Buddy admits that the cover page of the '004 copyright states that its effective date is September 10, 2024.  Frost Buddy denies that the '004 copyright was legally issued in that it does not comply with relevant copyright laws and is thus invalid. Frost Buddy denies any remaining allegations contained in Paragraph 23 of the Amended Complaint.

24. Frost Buddy admits that certain of its products are pictured.  Frost Buddy denies the remaining allegations of Paragraph 24 of the Amended Complaint.

25. Frost Buddy lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Amended Complaint, and therefore denies the same.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## "COUNT I:  DIRECT PATENT INFRINGEMENT"

30. Frost Buddy re-alleges and reincorporates its answers to Paragraphs 1-29 of the Amended Complaint as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## "COUNT II:  COPYRIGHT INFRINGEMENT"

36. Frost Buddy re-alleges and reincorporates its answers to Paragraphs 1-35 of the Amended Complaint as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## "PRAYER FOR RELIEF"

42. As to the allegations in the Prayer for Relief section of the Amended Complaint, Frost Buddy denies that BruMate is entitled to any of the requested relief including any monetary damages or injunctive relief, and denies any and all allegations set forth in the Prayer for Relief, including as set forth in subparagraphs a.-l. of said Prayer for Relief.  Frost Buddy specifically denies any patent or copyright infringement under federal law, including any allegations that its actions constitute willful violations of federal law.

## AFFIRMATIVE AND ADDITIONAL DEFENSES TO ALL COUNTS

Frost Buddy asserts the following affirmative and additional defenses, without assuming the burden of proof when such burden would otherwise be on BruMate. Frost Buddy reserves the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this case.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Frost Buddy upon which relief can be granted and must therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Frost Buddy has not infringed, directly or indirectly, and does not currently infringe, any claim of the '873 patent, willfully, or otherwise, either literally or by application of the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that matured into the '873 patent and, in particular, the applicant's and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, BruMate is precluded and estopped from asserting that Frost Buddy has infringed upon any claim of the '873 patent.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, BruMate is wholly or partially barred from the relief that it seeks because the asserted claims of the '873 patent are invalid and/or unenforceable for failure to comply with one or more of the conditions and requirements of patentability as set forth in the

Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 132, and the rules, regulations, and law pertaining thereto, and, upon information and belief, BruMate's knowing failure to disclose material prior art to the United States Patent and Trademark Office.

### FIFTH AFFIRMATIVE DEFENSE

BruMate's claims are barred under principles of equity, including under the doctrines of waiver, estoppel, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the relief sought by BruMate is barred or limited in whole or in part by the failure to mark, wherein BruMate's asserted damages or other remedies under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement to the extent that BruMate did not comply with the notice requirements of 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent BruMate may be successful in providing its liability allegations, which Frost Buddy expressly denies, and BruMate is able to prove any damages, BruMate has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

### EIGHTH AFFIRMATIVE DEFENSE

BruMate's claim for injunctive relief is barred because BruMate is unlikely to prevail on the merits, there is no threat of irreparable injury, and because legal relief would adequately compensate any alleged harm.

### NINTH AFFIRMATIVE DEFENSE

Frost Buddy's products accused of infringement do not infringe BruMate's asserted

copyrighted designs, nor were the Frost Buddy products copied from BruMate's asserted copyrighted designs.

## TENTH AFFIRMATIVE DEFENSE

BruMate's copyright claims are barred on the grounds that BruMate's alleged copyrights improperly and invalidly seek to protect ideas and concepts, including those found in nature, which are beyond the protection afforded to copyright.

## ELEVENTH AFFIRMATIVE DEFENSE

BruMate's copyright claims are barred on the grounds that BruMate's alleged copyrights extend only to two-dimensional artwork and not sculptural material, wherein the copyrights do not and cannot extend to any useful article depicted.

Frost Buddy specifically reserves the right to amend this Answer to allege other defenses, claims or counterclaims in the event discovery of other information indicates they are appropriate.

## COUNTERCLAIM

COMES NOW Defendant-Counterclaim Plaintiff Frost Buddy LLC ("Frost Buddy") and, for its Counterclaim against BruMate, Inc. ("BruMate"), states as follows:

## NATURE OF ACTION

1. This Counterclaim seeks, *inter alia*, a judgment that all asserted claims of U.S. Patent No. 11,772,873 ("the '873 patent"), U.S. Copyright Reg. No. VA-2-394-431 ("the '431 copyright"), and U.S. Copyright Reg. No. VA-2-412-004 ("the '004 copyright") are invalid and/or not infringed by Frost Buddy.

## THE PARTIES

2. Frost Buddy is a limited liability company organized and existing under the laws of the State of Illinois and has a principal place of business at 7492 E. 1000th Avenue, Newton, Illinois 62448.

3. Upon information and belief, BruMate is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 2935 Larimer St., Unit 302, Denver, Colorado 80205.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, under 28 U.S.C. § 1338(a), under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and under the copyright laws of the United States, 17 U.S.C. §§ 501, *et seq.* Venue lies in this District under 28 U.S.C. §1400.

5. On August 26, 2024, BruMate commenced a civil lawsuit against Frost Buddy, alleging that Frost Buddy is infringing at least claims 1-8, 10-13, and 15 of the '873 patent and

infringing the '431 and '004 copyrights. BruMate has submitted to the personal jurisdiction of this Court by bringing the present action.

6. By its actions, BruMate has created an actual and justiciable case and controversy between itself and Frost Buddy concerning whether the asserted claims of the '873 patent are valid and enforceable; whether the '431 and '004 copyrights are valid and enforceable; whether Frost Buddy has infringed any valid and/or enforceable claim of the '873 patent; and whether Frost Buddy has infringed any valid and/or enforceable copyrights of BruMate, namely the '431 and '004 copyrights.

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '873 PATENT

7. Frost Buddy incorporates by reference each and every allegation set forth in paragraphs 1 through 6 of this Counterclaim as if fully set forth and restated herein.

8. An actual case or controversy exists between Frost Buddy and BruMate as to whether the '873 patent is not infringed by Frost Buddy.

9. Frost Buddy therefore seeks a judicial declaration finding that Frost Buddy has not infringed and does not infringe any valid and enforceable claim of the '873 patent.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '873 PATENT

10. Frost Buddy incorporates by reference each and every allegation set forth in paragraphs 1 through 9 of this Counterclaim as if fully set forth and restated herein.

11. An actual case or controversy exists between Frost Buddy and BruMate as to whether the '873 patent is invalid for failure to comply with the requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*

12. The asserted claims of the '873 patent are invalid and void for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

13. Frost Buddy therefore seeks a judicial declaration finding that the asserted claims of the '873 patent are invalid and unenforceable.

### COUNT III:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '431 COPYRIGHT

14. Frost Buddy incorporates by reference each and every allegation set forth in paragraphs 1 through 13 of this Counterclaim as if fully set forth and restated herein.

15. An actual case or controversy exists between Frost Buddy and BruMate as to whether the '431 copyright is not infringed by Frost Buddy.

16. Frost Buddy therefore seeks a judicial declaration finding that Frost Buddy has not infringed and does not infringe the '431 copyright.

### COUNT IV:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '431 COPYRIGHT

17. Frost Buddy incorporates by reference each and every allegation set forth in paragraphs 1 through 16 of this Counterclaim as if fully set forth and restated herein.

18. An actual case or controversy exists between Frost Buddy and BruMate as to whether the '431 copyright is invalid as merely seeking to protect ideas and concepts, including those found in nature, which are beyond the protection afforded to copyright.

19. Frost Buddy therefore seeks a judicial declaration finding that the '431 copyright is invalid.

### COUNT V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '004 COPYRIGHT

20. Frost Buddy incorporates by reference each and every allegation set forth in paragraphs 1 through 19 of this Counterclaim as if fully set forth and restated herein.

21. An actual case or controversy exists between Frost Buddy and BruMate as to whether the '004 copyright is not infringed by Frost Buddy.

22. Frost Buddy therefore seeks a judicial declaration finding that Frost Buddy has not infringed and does not infringe the '004 copyright.

### COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF THE '004 COPYRIGHT

23. Frost Buddy incorporates by reference each and every allegation set forth in paragraphs 1 through 22 of this Counterclaim as if fully set forth and restated herein.

24. An actual case or controversy exists between Frost Buddy and BruMate as to whether the '004 copyright is invalid as merely seeking to protect ideas and concepts, including those found in nature, which are beyond the protection afforded to copyright.

25. Frost Buddy therefore seeks a judicial declaration finding that the '004 copyright is invalid.

### PRAYER FOR RELIEF

WHEREFORE, Frost Buddy respectfully requests judgment in its favor, that BruMate recover nothing on its Amended Complaint, that the Amended Complaint be dismissed with prejudice on the merits, that the Court deem the claims exceptional pursuant to 17 U.S.C. § 505 and 35 U.S.C. § 285 and award Frost Buddy its costs and attorneys' fees as the prevailing party, and grant Frost Buddy such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Frost Buddy demands a trial by jury on any and all claims or issues in this action so triable pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment of the United States Constitution.

Dated: November 12, 2024

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Michael J. Hickey
  Michael J. Hickey, #6272404(IL)
  Michael L. Jente, #6306249 (IL)

  600 Washington Ave., Suite 2500
  St. Louis, Missouri 63101
  314-444-7600 (telephone)
  314-612-7630 (facsimile)
  mhickey@lewisrice.com
  mjente@lewisrice.com

  *Attorneys for Defendant/Counterclaim Plaintiff Frost Buddy LLC*